UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON SMITH, individually &
on behalf of similarly situated,

    Plaintiff(s),

v.                                  Case Number _____

CABLE WIRING SPECIALIST, INC.,
d/b/a CWSI

    Defendant.
_____/

## Complaint

1. Defendant, Cable Wiring Specialist, Inc., did not maintain time records or pay overtime prior to July 2012 even though its installers routinely worked more than 50 hours a week.

2. Plaintiff, Aaron Smith individually and on behalf of all similarly situated, sues Defendant for failing to pay overtime from the three years preceding this complaint up until on or about July 2012 when Defendant started paying overtime.

3. Defendant has been sued for this exact violation and settled on individual bases with the named plaintiffs. Nevertheless, Defendant never notified its installers that they were owed overtime and that they had a right to damages for the company's failure to comply with the Fair Labor Standards Act (FLSA or Act).

4. Suit is brought pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of Sections 7(a)(1) and 15(a)(2) of the Act.

5. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as suit is brought pursuant to the FLSA.

6. Venue is appropriate in the Ft. Myers division because Defendant operates an office in Lee County and one in Broward County, Florida.

7. Plaintiff worked out of the Lee County, Florida office for Defendant within the last three years of this complaint.

8. Defendant was sued by cable installers on April 18, 2011 for failure to pay overtime.

9. Despite being sued in April 2011 Defendant continued its illegal pay practice up until July 2012.

10. Defendant paid significant monies to the cable installers that sued, but failed to notify non-litigant installer employees of the company's illegal pay practices.

11. In fact, Defendant operated its illegal pay practice for at least 14 months after initially being sued in April 2011.

12. Defendant willfully violated the FLSA.

13. Defendant acted in reckless disregard of the FLSA.

14. Defendant was sued at least twice in 2012 for failure to pay overtime.

15. Defendant was also sued in 2013 and 2014 for failure to pay overtime.

16. Defendant has engaged in calculated conduct to avoid payment of rightful damages to aggrieved installer/technician employees, who were unaware of their rights and the statute of limitation.

17. Defendant is one of the largest telecommunication contractors in South Florida.

18. Defendant has over 120 full-time employees.

19. Defendant has four operational warehouses.

20. Defendant completes hundreds of projects each year.

21. Defendant's human resource department is located at 5900 Mayo Street, Hollywood, Florida 33023.

22. Defendant has one office at 24331 Production Circle, Bonita Springs, Florida 34135.

23. Prior to July 2012 Defendant did not pay all of its employees based upon the number of hours that they worked.

24. Prior to July 2012 Defendant did not pay Plaintiff based upon the number of hours he worked.

25. Prior to July 2012 Defendant did not pay Plaintiff overtime.

26. Between April 2011 and July 2012 Defendant had knowledge that its pay practices violated the FLSA.

27. Defendant violated the FLSA as it related to the Plaintiff knowingly from on or about April 2011 to July 2012.

28. Defendant in 2010, 2011 and 2012 grossed in excess of $1,000,000 each year.

29. Defendant in 2010 through 2012 employed employees that engaged in commerce.

30. Defendant in 2010 through 2012 employed employees that handled goods that moved through interstate commerce.

31. Defendant in 2010 through 2012 employed employees that were individually covered by the FLSA.

32. Defendant is an enterprise as defined by § 3(r) of the Act.

33. Defendant is an enterprise engaged in commerce as defined by § 3(s) of the Act.

34. Plaintiff was entitled to receive overtime pay for all hours worked over forty.

35. Defendant employed Plaintiff and dozens of other installer/technician employees in Florida.

36. Defendant was Plaintiff's employer as defined by § 3(d) within the past three years.

37. The putative class is any employee of Defendant's from three years preceding this complaint that worked as technicians or installers without receiving overtime in one or more workweeks between May 2011 and July 2012.

38. Plaintiff and all similarly situated employees worked overtime in one or more workweeks between May 2011 and July 2012 without receiving overtime.

39. Defendant did not pay its Broward County based installer/technician employees overtime between May 2011 and July 2012.

40. Defendant did not pay its Lee County based installer/technician employees overtime between May 2011 and July 2012.

41. Defendant did not treat Plaintiff uniquely when it came to terms of pay.

42. Defendant equally treated its Florida installer/technician employees in pay.

43. Defendant has paid unpaid overtime and other damages recoverable under the FLSA to Florida installer/technician employees after the person or persons initiated action through counsel covering work performed prior to July 2012.

44. Defendant has been sued for unpaid overtime in Lee County, Florida, in a case or cases similar to the one Plaintiff brings.

45. Defendant has been sued for unpaid overtime in Broward County, Florida I cases similar to the one Plaintiff brings.

46. Dozens of Defendant's current and former Florida installer/technician employees have never been notified of their right to receive overtime and liquidated damages.

47. Defendant has employed in excess of 50 employees that worked for Defendant from May 2011 through July 2012 who received pay in the same manner as Plaintiff.

48. Defendant had a policy prior to July 2012 of not paying overtime to its Florida installer/technician employees.

49. Defendant did not keep time records pursuant to § 11(c) of the Act prior to July 2012.

50. From the three years preceding this complaint through on or about July 2012 Defendant paid its Florida installer/technician employees piece rate without contemporaneous overtime.

51. Defendant did not discriminate between Broward and Lee County based Florida installer/technician employees.

52. Defendant utilized the same pay and time policy for all of its Florida installer/technician employees.

Wherefore, Plaintiff demands that notice of this lawsuit go to all similarly situated employees, that the statute of limitation under the FLSA shall be tolled as of this lawsuit for all putative class members, judgment, all unpaid overtime at the correct rate, liquidated damages, attorneys' fees and costs.

Respectfully submitted this 19th day of May 2014,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Fax – (407)245-3487

Attorney for Plaintiff(s)