UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON SMITH, individually &
on behalf of similarly
situated,

    Plaintiff,

v.   Case No: 2:14-cv-277-FtM-29DNF

CABLE WIRING SPECIALIST,
INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice (Doc. #19) filed on July 29, 2014 and Defendant's Response (Doc. #20) filed August 12, 2014. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Aaron Smith (Plaintiff or Smith) has filed a Complaint (Doc. #1) against his former employer, Cable Wiring Specialist, Inc. (Defendant or CWSI), on his own behalf and on behalf of other similarly situated individuals, for overtime compensation relief under the Fair Labor Standards Act (FLSA), 28 U.S.C. §§ 201-19. On July 29, 2014, Janio Silva (Silva) filed a Consent to Join (Doc. #18-1) the case. To date, no others have joined Smith and Silva as Plaintiffs. The underlying facts, as set forth in the Complaint, are as follows:

Smith worked for CWSI as a cable installer and technician. (Doc. #1, ¶ 35.)  Prior to July 2012, CWSI paid its cable installers and technicians a piece rate without contemporaneous overtime.  (Id. at ¶ 50.)  During that time, Smith and other installers and technicians routinely worked in excess of 40 hours per week but, due to the piece rate payment system, did not receive overtime compensation.  (Id. at ¶¶ 38-43.)  The Complaint defines similarly situated individuals as "any employee of Defendant's from three years preceding this complaint that worked as technicians or installers without receiving overtime in one or more workweeks between May 2011 and July 2012."  (Id. at ¶ 37.)  Smith now seeks conditional certification as a collective action and requests that the Court facilitate the notice to potential collective action plaintiffs.

## II.

An action to recover unpaid overtime compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  The purpose of such a collective action is "to avoid multiple

lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated", an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, 252 F.3d at 1218.

Before providing notice, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). At this stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees," but "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." Hart v. JPMorgan Chase Bank, N.A., No. 12-CV-00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (internal citations and quotation marks omitted).

### III.

In support of their assertion that there are additional similarly situated individuals who wish to opt-in, Plaintiff offers the following evidence: (1) Smith's declaration that "[o]ne or more of my former co-workers for Defendants have told me

that they are interested in joining my lawsuit to recover damages pursuant to the FLSA" (Doc. #19-6, ¶ 5); (2) Smith's and Silva's declarations listing eight CWSI technicians or installers they believe "would likely join this case if given notice of their rights to recover wages" (Doc. #21-1, p. 2; Doc. #21-1, p. 2); and (3) the fact that eleven former CWSI employees participated in their own separate FLSA suits against CWSI (Doc. #19, pp. 15-16). Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is satisfied that Plaintiff has provided a reasonable basis for his assertion that there are additional similarly situated individuals who wish to opt-in. Accordingly, conditional certification is warranted and the Court will now address the definition of the putative class and the substance of the notice to be sent to putative class members.

**IV.**

**A. Definition of the Putative Class**

Plaintiff seeks to define the putative class as all installers and technicians who worked for CWSI within the past three years and who (1) were paid a "piece rate" for their work, regardless of the number of hours worked per week; and (2) were not paid proper overtime compensation during any work week. (Doc. #19, p. 1.) This would include individuals who settled FLSA claims with CWSI but received less than the full amounts they would have recovered

had they prevailed in an FLSA suit.  (Id.)  The Court concludes that Plaintiff's proposed definition is overbroad.

Plaintiff claims that CWSI willfully violated the FLSA by not paying overtime to its cable installers and technicians.  (Doc. #1, ¶ 2.)  Willful FLSA violations are subject to a three-year statute of limitations.  Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831 (11th Cir. 2013).  Plaintiff filed the Complaint on May 20, 2014 and, therefore, the putative class cannot collect for unpaid overtime that accrued prior to May 20, 2011. Further, Plaintiff concedes that CWSI began paying overtime in July 2012.  (Doc. #1, ¶ 2.)  Accordingly, this putative collective action concerns only those claims for unpaid overtime that accrued between May 20, 2011 and July 31, 2012.  Therefore, the Court grants conditional certification for the class of individuals who worked for Defendant as cable installers or technicians between May 20, 2011 and July 31, 2012, were paid a piece rate, and did not receive additional pay for all overtime hours worked in excess of forty within a work week.

The Court rejects Plaintiff's request that the putative class include individuals who settled FLSA claims with CWSI but received less than the full amount they would have recovered had they prevailed in an FLSA suit.  Those individuals have resolved their claims with CWSI and, therefore, cannot opt-in to this lawsuit regardless of the amount of their recovery.  Accordingly, the

putative class does not include anyone who has settled his or her claim against CWSI for unpaid overtime during the relevant time period, whether privately or in separate litigation.

**B.  Content of the Notice**

Plaintiff filed proposed notice documents as exhibits to its motion (Docs. ##19-1 to 19-3), to which CWSI raised the following objections: (1) Plaintiff should not be permitted to send "reminder" notices informing potential class members that the opt-in deadline is approaching; (2) the notice should not reference CWSI's prior FLSA litigation or its decision to change its pay policies following that litigation; (3) the notice should not refer to CWSI's failure to provide "proper overtime compensation," because such language implies that liability has been established; and (4) the notice should warn that class members could be liable for CWSI's defense costs if the lawsuit is unsuccessful.[1]  (Doc. #20, pp. 5-8.)

The Court agrees with each of CWSI's objections.  Reminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit. Palma v. Metropcs Wireless, Inc., No. 13-CV-698, 2014 WL 235478, at *3 (M.D. Fla. Jan. 22, 2014).  Likewise, the notice must not

---

[1] CWSI also argues that the notice should warn prospective plaintiffs of the need to attend trial, attend depositions, and respond to discovery requests.  The Court agrees, but notes that such language already appears in Plaintiff's proposed notice. (Doc. #19-1, p. 3.)

reference CWSI's prior FLSA litigation, the fact that CWSI changed its pay policies following that litigation, or include phrases, such as "without proper overtime compensation," which imply that CWSI's liability has been established.[2]  Because the notice will specify that the Court has approved its contents, the use of such language could be interpreted by putative class members as suggesting that the Court has taken a favorable view of the merits of Plaintiff's case.  Lastly, the Court concludes that the notice should warn potential class members that, should CWSI prevail, all class members may be held responsible for CWSI's defense costs. <u>White v. Subcontracting Concepts, Inc.</u>, No. 08-CV-620, 2008 WL 4925629, at *2 (M.D. Fla. Nov. 14, 2008).

In accordance with the above, Plaintiff shall file a revised proposed notice on or before October 10, 2014.  CWSI shall file any objections to Plaintiff's revise proposal on or before October 24, 2014.

**ORDERED:**

1.  Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice (Doc. #19) is **GRANTED in PART and DENIED in PART.**

2.  Conditional certification is granted for the putative class of individuals who worked for Defendant as cable installers

---

[2] Of course, the notice may refer to a lack of proper overtime compensation in the portion summarizing Plaintiff's allegations.

or technicians between May 20, 2011 and July 31, 2012, were paid a piece rate, and did not receive additional pay for all overtime hours worked in excess of forty within a work week.

3. In accordance with this Order, Plaintiff shall file a revised proposed notice on or before October 10, 2014.

4. Defendant shall file any objections to Plaintiff's revised proposal on or before October 24, 2014.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record