UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON SMITH, individually &
on behalf of similarly situated,

    Plaintiff(s),

v.

                              Case Number 2:14-cv-277-JES-DNF

CABLE WIRING SPECIALIST, INC.,
d/b/a CWSI

    Defendant.
_____/

**CORRECTED JOINT MOTION FOR APPROVAL OF SETTLEMENT &
JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

    The Plaintiff, Aaron Smith, and the Defendant, Cable Wiring Specialist, Inc. file this Corrected Joint Motion for Approval of Settlement. The Honorable Magistrate Judge Douglas N. Frazier denied the parties' original motion without prejudice. [D.E. 33]. The parties incorporate their original motion, correcting clerical errors and expanding on the points that the Honorable Court inquired. Hitherto the parties jointly and respectfully state as follows:

    1.    This is an action filed under the Fair Labor Standards Act (FLSA or Act), in which Plaintiffs sought recovery for overtime allegedly due and owing to them. Defendant denied Plaintiffs' allegations and disputed their entitlement to overtime and the validity of their claims.

    2.    Plaintiff moved for conditional class certification pursuant to Section 16(b) of the FLSA. [D.E. 19]. Defendant opposed the motion. [D.E. 20]. The Honorable Court granted in part the motion. [D.E. 22]. In addition to the named

Plaintiff five additional former employees opted into the action.

    3. After participating in mediation and continuing in settlement discussions, the parties have reached a resolution of this matter and have agreed to settlement terms, which are as follows:

    (i) Defendant agrees to pay Aaron Smith $4,900 in back pay and $4,900 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that Aaron Smith is owed any monies. Defendant argues that even if Aaron Smith is due overtime he is owed less than $4,900 in unpaid overtime. Plaintiff asserts that $4,900 is the amount of unpaid overtime that he would be able to recover at trial if he were able to establish that Defendant willfully violated the FLSA. Aaron Smith is recovering what he claims he is owed.

    (ii) Defendant agrees to pay Janio Silva $4,900 in back pay and $4,900 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that Janio Silva is owed any monies. Defendant argues that even if Janio Silva is due overtime he is owed less than $4,900 in unpaid overtime. Plaintiff asserts that $4,900 is the amount of unpaid overtime that he would be able to recover at trial if he were able to establish that Defendant willfully violated the FLSA. Janio Silva is recovering what he claims he is owed.

    (iii) Defendant agrees to pay Majer Rahim $105 in back pay and $105 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that Majer Rahim is owed any monies. Defendant argues that even if Majer Rahim is due overtime he is owed less than $105 in unpaid overtime. Plaintiff asserts that $105 is the amount of unpaid overtime that he would be able to recover at trial if he were able to establish that Defendant willfully violated the FLSA. It is undisputed that Majer Rahim is owed $0 under a two year statute of

limitations. Under the three year statute of limitations Majer Rahim has three weeks of eligible weeks to recover overtime wages. The parties agree that no more than $35 per week could be owed to Majer Rahim for overtime.

(iv) Defendant agrees to pay William James Smith, Jr. $140 in back pay and $140 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that William James Smith, Jr. is owed any monies. Defendant argues that even if William James Smith, Jr. is due overtime he is owed less than $140 in unpaid overtime. Plaintiff asserts that $140 is the amount of unpaid overtime that he would be able to recover at trial if he were able to establish that Defendant willfully violated the FLSA. It is undisputed that William James Smith, Jr. is owed $0 under a two year statute of limitations. Under the three year statute of limitations William James Smith, Jr. has no more than four weeks of eligible weeks to recover overtime wages. The parties agree that no more than $35 per week could be owed to Williams James Smith, Jr. for overtime.

(v) Defendant agrees to pay Julio A. Alfonso $210 in back pay and $210 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that Julio A. Alfonso is owed any monies. Defendant argues that even if Julio A. Alfonso is due overtime he is owed less than $210 in unpaid overtime. Plaintiff asserts that $210 is the amount of unpaid overtime that he would be able to recover at trial if he were able to establish that Defendant willfully violated the FLSA. It is undisputed that Julio A. Alfonso is owed $0 under a two year statute of limitations. Under the three year statute of limitations Julio A. Alfonso has no more than 6 weeks of eligible weeks to recover overtime wages. The parties agree that no more than $35 per week could be owed to Julio A. Alfonso for overtime.

(vi) Defendant agrees to pay Lienz Polycape $35 in back pay and $35 in liquidated damages within two business days of approval by the Honorable Court. Defendant denies that Lienz Polycape is owed any monies. Defendant argues that even if Lienz Polycape is due overtime he is owed less than $35 in unpaid overtime. It is undisputed that Lienz Polycape is owed $0 under a two year statute of limitations. Under the three year statute of limitations Lienz Polycape has no more than 1 week of eligible weeks to recover overtime wages. The parties agree that no more than $35 could be recovered by Lienz Polycape.

(vii) Defendant agrees to pay Morgan & Morgan a $35,000 in attorneys' fees and costs within two days of approval by the Honorable Court. The attorneys' fees and costs were agreed to separately and without regard to the amount paid to the Plaintiff and Opt-in Plaintiffs. *See, Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009).

(viii) The parties have not entered into a written settlement agreement. No general release has been signed or will be signed by any party. The release of claims is for any and all wage and hour claims. Each Plaintiff and Opt-in Plaintiff will acknowledge that acceptance of payment constitutes full payment of overtime and liquidated damages.

(ix) The parties move for dismissal with prejudice of the pending action. Because of the nature of the claims, the parties seek Court approval pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). The parties stipulate that the Plaintiff and each Opt-in Plaintiff are being provided any and all overtime that could be due plus an equal amount in liquidated damages without compromise.

4. In order to avoid the uncertainties of litigation, Defendant and the

Plaintiffs negotiated a resolution of the matter. Importantly, throughout the entirety of the resolution process, the Plaintiffs were represented by competent counsel with experience in this area of law. Defendant was also represented by counsel throughout this process. Negotiations were conducted before Mediator Neil Flaxman. The parties vehemently argued their positions. The parties reviewed the FLSA, the Portal-to-Portal Act, corresponding regulations, DOL Wage & Hour Opinion Letters, case law, individual time sheets and arguments regarding resolution.

5. Plaintiffs acknowledge that they are being fully compensated for all overtime and back wages owed. This settlement provides complete Section 7(a)(1) and Section 16(b) damages under a three year statute of limitations to the named Plaintiff and all opt-in Plaintiffs.

6. Accordingly, the parties jointly request that the Court enter an Order approving the settlement without the need of a fairness hearing in light of the representations that the Plaintiffs are being compensated for all overtime back wages and liquidated damages.

Respectfully submitted this 23rd day of January, 2015,

/s/Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar No.: 643971
Morgan & Morgan
20 N. Orange Ave Ste 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3487
Email: BMazheri@forthepeople.com
Counsel for Plaintiff

/s/Paul O. Lopez
Paul O. Lopez
Florida Bar No.: 983314
Tripp Scott
110 SE 6th St. Ste. 1500
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475
Email: pol@trippscott.com
Counsel for Defendant